IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH NORRIS #318615, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-00391 ) ) Judge Trauger |
| CORECIVIC, *et al.*, | ) Magistrate Judge Holmes ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner civil rights case filed by Joseph Norris, an inmate of the Trousdale Turner Correctional Complex in Hartsville, Tennessee. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the court proceeds with the required PLRA screening, the court must address the filing fee and the motions filed by Plaintiff after he filed his complaint.

**I. FILING FEE**

Plaintiff has submitted an Application for Leave for Proceed In Forma Pauperis ("IFP Application") (Doc. No. 3). Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting materials (Doc. No. 11), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 3) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

1

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Trousdale Turner Correctional Complex to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance thereof.

## II. MOTIONS TO AMEND, SUPPLEMENTS, LETTERS, AND NOTICES

After filing his complaint, Plaintiff filed two Supplements (Doc. Nos. 2, 13), two letters (Doc. Nos. 6, 10), and one Notice (Doc. No. 7).

Plaintiff is advised that he cannot litigate this action or any action in this court by way of notices, supplements, or letters to the court. Even though Plaintiff is proceeding pro se and the court will take into consideration his pro se status when evaluating pleadings and pending motions, Plaintiff still is required to comply with the rules governing this case. These rules exist to ensure fairness to all parties. If Plaintiff wishes for the court to consider arguments and evidence—or to add defendants to this action—Plaintiff must make such requests by way of timely and properly filed motions.

Plaintiff also filed two Motions to Amend Complaint (Doc. Nos. 5, 12). Rule 15(a) (2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

In Plaintiff's first Motion to Amend Complaint, he states that he wishes to add "TDOC/Commissioner/TTCC Kitchen" to his lawsuit, presumably as defendants to this action, and "some stuff on the count and ground of Been house in cell at TTCC/ext AB-203." (Doc. No. 9 at 1). Plaintiff has not adequately explained what actions he believes the Tennessee Department of Correction (TDOC), the TDOC Commissioner, the TTCC Kitchen, or "Been house" took to

3

warrant being named as defendants. "It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints." *Green v. Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases). Thus, because Plaintiff has not attributed factual allegations to TDOC, the TDOC Commissioner, the TTCC Kitchen, or "Been house", permitting the requested amendment would be futile. Plaintiff's Motion to Amend Complaint (Doc. No. 9) is therefore **DENIED WITHOUT PREJUDICE.**

Plaintiff's second Motion to Amend Complaint states that he wishes to add fourteen defendants (entities and individuals) to this action. (Doc. No. 12 at 1-2). However, once again Plaintiff does not explain what these individuals and entities allegedly did to warrant being named as defendants to this action. Plaintiff will not be permitted to add these defendants at this time as the requested amendment would be futile. As such, his Motion to Amend Complaint (Doc. No. 12) is **DENIED WITHOUT PREJUDICE.**

In the event Plaintiff wishes to try again, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. Local Rule 15.01(b) ("Amended pleadings must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections."). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)).

## III. MOTION TO APPOINT COUNSEL

Next, Plaintiff filed a document entitled "About My 8th Amendment/I Need a Lawyer/Why I'm Suein[g] And Asken [sic] For/Who I Want to Come on My Behalf and Not." (Doc. No. 5). The court construes this filing as a Motion to Appoint Counsel.

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Plaintiff states that he "can't read that good or spell" and has "a Special Education 5 grade level." (Doc. No. 5 at 2). Even so, Plaintiff has demonstrated that he is able to prosecute his case by filing several coherent documents with the court. True, Plaintiff's attempts to amend and supplement his complaint have, to date, been unsuccessful, but the court denied his attempts without prejudice so that Plaintiff could try again. At this time Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Therefore, his Motion to Appoint Counsel is **DENIED** without prejudice to file at a later time, if appropriate.

Given the court's denial of Plaintiff's motion, the Clerk is **DIRECTED** to mail Plaintiff pages 12-13 and 27-33 of the court's Pro Se Prisoner Civil Rights Handbook. These pages explain how prisoners should prepare a civil rights complaint. A free copy of the entire handbook is available upon request.

## IV. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. <u>SECTION 1983 STANDARD</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med.*

*Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. ALLEGED FACTS

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

The complaint alleges that, while incarcerated at the Trousdale Turner Correctional Complex, Plaintiff has not received adequate medical treatment for his "sick of cell" since January 2024.[1] (Doc. No. 1 at 4). He has been in pain "for months" and no one will answer his sick calls. Defendant Dr. Poe gave Plaintiff "meds that she knows are "Red Flag[ged] in [Plaintiff's] chart to not give [him]." (*Id.*) As a result, Plaintiff lost vision in his left eye and developed an infection "in the lining of [his] stomach." (*Id.*)

D. ANALYSIS

Plaintiff names two Defendants to this action: CoreCivic and Dr. Lorina Poe. Dr. Poe is sued is her official capacity only. (Doc. No. 1 at 2). Plaintiff alleges that Defendants are not providing him with adequate medical treatment for sickle cell disease.

The Eighth Amendment imposes a duty on prison officials to provide adequate medical care to convicted prisoners. *Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 736-37 (6th Cir. 2015) (citing *Estelle*, 429 U.S. at 103). "[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Estelle*, 429 U.S. at 104). "A constitutional claim for deliberate indifference contains both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical

---

[1] The court understands Plaintiff to be referring to sickle cell disease, which is "a group of inherited red blood cell disorders that affect hemoglobin, the protein that carries oxygen through the body." *See* https://www.nhlbi.nih.gov/health/sickle-cell-disease (last visited July 2, 2024).

need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). For the subjective component, a plaintiff must allege that an official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also dr[e]w the inference." *Winkler v. Madison* Cty., 893 F.3d 877, 891 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 837).

First, the court takes judicial notice that CoreCivic is the private entity contracted to manage Trousdale Turner Correctional Complex.[2] Because it "performs the traditional state function of operating a prison," CoreCivic "acts under the color of state law for purposes of [Section] 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). To state a claim against CoreCivic, a plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [CoreCivic] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010)). Here, however, Plaintiff does not allege that any of the conduct in the complaint is attributable to a policy or custom of CoreCivic.

Next, Plaintiff's official-capacity claim against Dr. Poe, who is alleged to be a CoreCivic employee, is essentially a claim against CoreCivic itself. That is because "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Ky. v. Graham*, 473 U.S. 159, 165 (1985)). And as the court already has explained, Plaintiff does not allege that a CoreCivic policy or custom is responsible for the injuries Plaintiff allegedly sustained.

---

[2] The court "may take judicial notice of 'a fact that is not subject to reasonable dispute' either because such a fact 'is generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) (quoting Fed. R. Evid. 201(b)). The Tennessee Department of Correction website reflects that Trousdale Turner is managed by CoreCivic, a private corrections management firm. https://www.tn.gov/content/tn/correction/state-prisons/state-prison-list/trousdale-turner-correctional-center.html (last visited July 2, 2024).

For all these reasons, the complaint fails to state a claim against the named Defendants. Rather than dismiss the entire action at this time, however, the court will allow Plaintiff an opportunity to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The court finds this approach is appropriate given Plaintiff's prior attempts to amend his complaint by way of letters, notices, and supplements. Accordingly, the Clerk is **DIRECTED** to mail Plaintiff another blank "Complaint for Violation of Civil Rights Filed Pursuant to 42 U.S.C. § 1983."

## V. CONCLUSION

To proceed in this action, Plaintiff **MUST** use the form provided to file an amended complaint. Any amended complaint must be received in this court no later than **30 DAYS** after the date this order is entered on the docket.

In the area designated for identification of defendants, or on a separate page if necessary, Plaintiff should identify all specific individuals against whom he seeks relief for the misconduct alleged in the complaint.

In the area designated for the statement of facts, Plaintiff should clearly explain how the specific actions or inactions of each defendant violated his constitutional rights.

If Plaintiff runs out of space on the complaint form, he may attach additional sheets to the complaint form for the purpose of presenting his claims. Plaintiff is not expected to "sound like a lawyer," but he is reminded that his handwriting should be clear and legible, and he should write on the provided lines.

Plaintiff is warned that, if he does not comply with these instructions within the specified period of time, the court will dismiss this action for failure to state a claim upon which relief can be granted under Section 1983.

If Plaintiff submits an amended complaint by the deadline imposed by the court, the court will screen the amended complaint pursuant to the Prison Litigation Reform Act.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge