IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JOSEPH NORRIS, # 318615,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-00391 ) |
| **CORECIVIC**, *et al.*, | ) Judge Trauger ) Magistrate Judge Holmes |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Norris, who is currently in the custody of the Trousdale Turner Correction Center in Hartsville, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). The court found that the plaintiff's original complaint did not state a claim for which relief may be granted and allowed him an opportunity to file an amended complaint. (Doc. No. 15). The plaintiff filed an amended complaint (Doc. No. 18), which is now before the court for initial review.

### I. LEGAL STANDARD

The court must conduct an initial review and dismiss the amended complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of a complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual content that

1

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

This action was filed under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a viable claim under Section 1983, a complaint must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

## II. ALLEGATIONS AND CLAIMS

In his amended complaint, the plaintiff names four defendants: (1) Dr. Poe; (2) Dr. Woods; (3) CoreCivic CEO Damon Hininger; and (4) Warden of Trousdale Turner Correction Center. (Doc. No. 18 at 2−3).

The plaintiff alleges that he suffers from glaucoma, sickle cell disease, and a bacteria in his stomach lining. (*Id.* at 5−6). Dr. Poe and Dr. Woods have refused treatment for his various conditions. (*Id.* at 6). He has been prescribed unhelpful medication and he receives food from the kitchen that he cannot eat. (*Id.* at 5−6). He reports that he has died from a sickle cell attack. (*Id.* at 7).

The plaintiff also alleges that a hit was placed on his life. (*Id.* at 6−7). Specifically, on July 7, 2024, unidentified guards gave unidentified inmates keys to the plaintiff's cell so they could kill him. (*Id.* at 8). Also, the plaintiff was housed in a cell with a "close custody" inmate for two months, and they "got to fighting." (*Id.* at 6).

The plaintiff seeks $100 million in damages and transfer to a different prison. (*Id.* at 8).

## III. ANALYSIS

The plaintiff has alleged sufficient facts to allow some, but not all, of his claims to continue. The court addresses the dismissed claims before setting forth the claims that will proceed.

A. <u>Claims to be dismissed</u>

All claims against Mr. Hininger and Warden of Trousdale Turner Correction Center will be dismissed for failure to state a claim upon which relief may be granted. "To prevail in a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant was personally involved in the alleged constitutional violations." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 850 (6th Cir. 2020) (quotation marks and brackets omitted). "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The plaintiff does not allege in the amended complaint that CEO Hininger or the Warden was personally involved in the alleged denial of medical care or any other alleged constitutional violation. He has therefore failed to state a viable claim under Section 1983 against these defendants.

Additionally, Plaintiff has listed CoreCivic in the case caption of the amended complaint but does not name CoreCivic in the "Defendant(s)" section of the amended complaint or include any factual allegations against CoreCivic. (Doc. No. 18 at 1−8). Even if the amended complaint could be construed as attempting to state a claim against CoreCivic, Plaintiff has not alleged facts from which the Court may infer that CoreCivic's policy or custom was the moving force behind any alleged constitutional violation. *See Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 891 n.4 (6th Cir. 2025) ("[A] plaintiff bringing a § 1983 suit against a private company must prove that his constitutional rights were violated and that the company's policy or custom was the moving force

3

behind the violation."). Accordingly, any claim against CoreCivic will be dismissed for failure to state a claim upon which relief may be granted.

B. <u>Claims to proceed</u>

The plaintiff has alleged sufficient facts to state Eighth Amendment claims against Dr. Poe and Dr. Woods for deliberate indifference to a serious medical need. To state such a claim, a plaintiff must allege facts that would allow the court to find (1) "either that a doctor has diagnosed them with a condition requiring treatment or that they suffer from a condition that any layperson would recognize requires treatment" and (2) that the defendant "subjectively knew of (and consciously disregarded) the serious medical needs." *Erickson v. Gogebic Cnty., Mich.*, 133 F.4th 703, 711–12 (6th Cir. 2025). Here, the plaintiff alleges that he suffers from glaucoma, sickle cell disease, and a bacteria in his stomach lining. (Doc. No. 18 at 6–7). He further alleges that some combination of these conditions has caused vision loss and temporary death. (*Id.*) And he alleges that Dr. Poe and Dr. Woods have denied him treatment for these conditions. (*Id.*) Based on these allegations, the plaintiff has stated viable Eighth Amendment claims. These claims shall proceed against Dr. Poe and Dr. Woods in their individual capacities.

### IV. MOTIONS

The plaintiff's renewed Application for Leave to Proceed *in forma pauperis* (Doc. No. 22) will be denied as moot because the court has already granted the plaintiff's prior motion (Doc. No. 15).

The plaintiff's Motion to Appeal Earnestly for Help as in Court (Doc. No. 23), which seeks an opportunity to present evidence, will be denied without prejudice. This action will be referred to the Magistrate Judge, who will provide further instructions to the plaintiff regarding how the litigation will proceed.

## V. CONCLUSION

The plaintiff's Application for Leave to Proceed *in forma pauperis* (Doc. No. 22) is **DENIED**. The plaintiff's Motion to Appeal Earnestly for Help as in Court (Doc. No. 23) is **DENIED** without prejudice.

The court has screened the amended complaint pursuant to the PLRA and finds that the amended complaint fails to a state a Section 1983 claim upon which relief can be granted against CoreCivic, CEO Damon Hininger, and Warden of Trousdale Turner Correction Center. All claims against these defendants are therefore **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to terminate CoreCivic, Damon Hininger, and Warden of Trousdale Turner Correction Center as defendants on the docket.

The amended complaint states viable Eighth Amendment claims against Dr. Poe and Dr. Woods. Those claims therefore **SHALL PROCEED**.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for each remaining defendant. The plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packets, the Clerk is **DIRECTED** to issue summons(es) to the U.S. Marshals Service for service on the defendant(s). Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. Despite the issuance of process,

the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the clerk's office informed of his current address.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

6

Case 3:24-cv-00391    Document 27    Filed 08/27/25    Page 6 of 6 PageID #: 280